VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.       24-AP-035

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2024

Princess Montpelier\* v. Jay Gil et al.

} APPEALED FROM:
} Superior Court, Rutland Unit, Civil Division
} CASE NO. 23-CV-02692
Trial Judge: Alexander N. Burke

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from a civil division order granting defendants' motion to dismiss her complaint.  We affirm.

In June 2023, plaintiff filed a pro se complaint against a Days Inn, its owners, and its general manager.  She listed claims of infliction of physical pain and mental and emotional distress, conspiracy to defraud her character, vicarious liability, and unlawful retaliatory action based on the following factual allegations.

Plaintiff planned to stay at a Days Inn in Rutland using a voucher provided by the Economic Services Division (ESD) of the Department for Children and Families.  However, when she attempted to check in on June 5, 2023, employees told her that the hotel was no longer participating in ESD's voucher program, there were no rooms available, and she had been placed on the "do not rent" list following an earlier stay in December 2022.[1]  As a result, plaintiff spent the night on a bench near the transit center.  She contacted an ESD employee the next morning and was able to stay in a room at the Days Inn that night.  However, on June 7, the ESD employee told her she had to leave the Days Inn because the hotel staff had complained.

---

[1] On the day of oral argument, plaintiff moved for permission to supplement the record on appeal with a document she describes as relevant to the hotel's participation in the voucher program.  The record on appeal is limited to "the documents, data, and exhibits filed . . . in the superior court."  V.R.A.P. 10(a)(1).  Because the proffered document was not filed in the superior court, we cannot consider it.  See Hoover v. Hoover, 171 Vt. 256, 258 (2000).  In addition, it is not clear what relief, if any, plaintiff seeks in connection with a photograph also attached to her motion but not addressed therein. See V.R.A.P. 27(a)(2)(A) ("A motion must state with particularity the grounds for the motion and the order or relief sought.").  The motion is denied.

Defendants initially proceeded pro se and filed identical motions summarily requesting that the court dismiss plaintiff's complaint as "baseless and without merit." Plaintiff subsequently filed a motion to quash defendants' motions to dismiss and a motion for summary judgment.

The civil division scheduled a hearing on these and several other pending motions, and an attorney entered an appearance for defendants. After the October 23 hearing, the court issued an order indicating that plaintiff was notified of the hearing and failed to appear, defendants planned to renew their motions to dismiss in an appropriate format, and the court had issued on-the-record rulings on ten pending motions. Plaintiff's motion for summary judgment was denied and her motion to quash was held moot.

Defendants filed their anticipated motion to dismiss on November 20. On December 23, plaintiff moved for a thirty-day extension of time to respond based on ongoing medical appointments. She also noted that she had not been well enough to attend the October 23 hearing after a fall earlier that month and did not learn of the court's rulings until November 27. Defendants opposed the motion, arguing that it was filed after the thirty-day response deadline elapsed. See V.R.C.P. 7(b)(4) (requiring that memorandum in opposition to dispositive motion be filed within thirty days of service). The civil division issued an order concluding that plaintiff sufficiently demonstrated excusable neglect but explaining that an extension of over six months was too lengthy. See V.R.C.P. 6(b)(1)(B) (providing that court may extend time after expiration if party failed to act due to excusable neglect). It therefore moved the response deadline to March 1, 2024.

Defendants filed a motion to reconsider, suggesting that the court may have misconstrued plaintiff's motion as seeking a continuance of six months and noting that she only requested a thirty-day extension of time. The court granted defendants' motion to reconsider and provided that plaintiff's opposition was due on January 23, 2024.

Plaintiff then filed a motion to correct the record in which she confirmed that she intended to request a thirty-day extension. She also filed a motion titled "Motion to Reduce Time to Answer Motion to Dismiss . . . to January 26th, 2024." However, the body of the latter motion did not request a change to the response deadline, but instead suggested that defendants' attorney should call plaintiff and referenced a mantra of the American Red Cross. The court denied the motion to reduce time, indicating that it did not state with particularity the relief requested, supporting law, or facts as required under Vermont Rule of Civil Procedure 7(b)(1). The court also denied plaintiff's motion to correct the record and reiterated that plaintiff's response was now due on January 23, as set forth in the order granting defendants' motion to reconsider.

On January 24, plaintiff filed a collection of documents that appeared to be medical records, accompanied by a communication titled "Open letter to the Court & Counselor for Defendants." Therein, she indicated that she had been ill and stated "January 26th, 2024, was the stipulated goal. However I pray it, i.e. my pleading . . . will be well received by January 31st, 2024."

The following day, the court granted defendants' motion to dismiss, concluding that plaintiff effectively waived her claims by failing to oppose the motion before the January 23 deadline. It also noted that plaintiff's January 24 reply to a separate filing by defendants indicated that she had the ability to respond to the motion to dismiss by January 23 but chose not to do so.

Plaintiff filed her opposition to the motion to dismiss and a notice of appeal on January 31.

On appeal, plaintiff argues that the civil division did not rule on her August 17 motions for summary judgment and to quash defendants' original motions to dismiss "in a timely manner . . . if at all." As noted above, the court ruled on both motions on the record at the October 23 hearing but did not repeat the grounds for those decisions in its written order. As a result, a transcript of the hearing is necessary for informed appellate review of any related contentions. Because plaintiff did not order a transcript, she has waived the right to raise these claims on appeal. V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review.").

Our review is therefore limited to plaintiff's argument that the court erred in granting defendants' renewed motion to dismiss. See Girouard v. Hofmann, 2009 VT 66, ¶ 6, 186 Vt. 153 ("We review a trial court's disposition of a motion to dismiss de novo."). As the trial court explained, where a party has an opportunity and fails to respond to a motion to dismiss, the "failure to oppose the motion effectively waive[s] the claims." Pharmacists Mut. Ins. Co. v. Meyer, 2010 VT 10, ¶ 18, 187 Vt. 323 (concluding that appellant waived arguments that trial court erred in dismissing his counterclaims by failing to file opposition to motion to dismiss below).

Plaintiff argues that she did not have an opportunity to respond because the March 1 response deadline remained in place at the time the court granted the motion to dismiss. Though plaintiff suggests that the court's ruling may have resulted from a new judge's lack of familiarity with the file, her assertion that the prior judge did not modify the initial order is not supported by the record. In granting defendants' motion to reconsider that order, the court replaced the March 1 deadline with the January 23 deadline. Plaintiff also contends that the court erred in concluding that she had the ability to file her opposition to the motion to dismiss by January 23 but chose not to do so. She now argues that she did not have time to file her opposition prior to the deadline because she was drafting responses to three other motions filed by defendants. However, plaintiff never moved for an extension of time on this basis.[2] As a result, she has not

---

[2] Plaintiff does note that she filed a motion requesting an extension of time to January 31. We construe this as a reference to her open letter of January 24. However, plaintiff does not explain how this is relevant to her argument on appeal. To the extent plaintiff suggests the court should have treated her letter as a motion to extend time, we disagree. "[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quotation omitted). Under those rules, "[a]n application to the court for an order shall be by motion which . . . shall set forth the relief or order sought." V.R.C.P. 7(b)(1). Plaintiff's letter did not request that the court order an

preserved this argument for our review. See <u>In re White</u>, 172 Vt. 335, 343 (2001) (providing that issues are preserved for appellate review only where raised with specificity and clarity in trial court).

Plaintiff has not identified any basis to disturb the civil division's order.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

---

extension of the deadline. It was also filed after the deadline expired and designated as an open letter to both the court and defense counsel, despite plaintiff's previous request for an extension of the same deadline by motion. The court was not obligated to construe it as a motion to extend time—or as an indication that plaintiff did not have an opportunity to respond to the motion to dismiss where she filed a motion titled "Plaintiff's Response to Defendants' Annoyance Over a Minor Skirmish" on the same date.